IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. PRICE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JAMES S. PRICE, APPELLANT.

Filed February 6, 2018.    No. A-17-565.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Brett McArthur for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

James S. Price was tried by jury in the district court for Lancaster County on two counts: aiding and abetting a robbery, and aiding and abetting a first degree assault. After the jury reported it was deadlocked, the district court declared a mistrial over Price's objection and the case was scheduled to be retried. Price appeals the district court's denial of his plea in bar which asserted that trying him a second time would violate his right to be free from double jeopardy. We affirm.

## BACKGROUND

Price was charged by amended information with aiding and abetting a robbery under Neb. Rev. Stat. §§ 28-206 and 28-324 (Reissue 2016), and aiding and abetting a first degree assault under Neb. Rev. Stat. §§ 28-206 and 28-308 (Reissue 2016), as the result of events occurring on October 3, 2014. Following the close of evidence, the jury, during its deliberations, sent a note to

the judge on December 12, 2016, stating, "We are having difficulty with a unanimous decision. What else can we do?" The judge conferred with counsel for both sides, and upon agreement of the parties, an instruction was given to the jury urging them to review the court's prior instructions, reconsider the evidence, and to continue their discussions in order to reach a verdict; but to let the court know if a unanimous decision ultimately could not be reached.

After the jury continued to deliberate for approximately another couple of hours, it sent another note to the court stating, "We have reviewed the judge's instructions numerous times. We have carefully reviewed the evidence multiple times. We have taken multiple votes and are still deadlocked." The following line of questioning then took place in open court between the court, the presiding juror, and both attorneys (with Price present):

THE COURT: [Presiding juror], do you think any further deliberations would result in a verdict in this case?

PRESIDING JUROR: It doesn't appear so.

THE COURT: Okay. Well, let me ask you this. Do you think the jury is hopelessly deadlocked?

PRESIDING JUROR: Yes. I --

THE COURT: I'm sorry?

PRESIDING JUROR: Yeah. I -- yeah.

THE COURT: Okay. All right.

Any comments, [counsel for the State]?

[Counsel for the State]: No.

THE COURT: Any comments, [counsel for Price]?

[Counsel for Price]: Would the Court entertain polling the jury panel as to that issue?

THE COURT: I'm not going to poll the jury as to that issue. I think if the foreperson says they are deadlocked, I will take his word for it.

Price's counsel then objected to a mistrial in a side-bar with the court and counsel for the State, and asked for another instruction to the jury to keep deliberating. The court overruled the objection and declared a mistrial, noting the jury had been deliberating for over 8 hours. The court indicated the case would be set for further proceedings and trial would be scheduled in the next trial term commencing in February 2017.

Price filed a plea in bar on January 23, 2017, asserting that "[t]rying [Price] a second time would violate the right to be free from Double Jeopardy, Due Process, and to a Fair Trial, all as secured by the United States and Nebraska constitutions." The district court entered an order on May 18, finding that "the jury's statement that it was unable to reach a verdict amounts to 'manifest necessity' and [Price's] Plea In Bar is, therefore, overruled." Price appeals.

## ASSIGNMENTS OF ERROR

Price assigns the district court erred by (1) refusing his request to poll the jury individually when it indicated it was deadlocked and (2) overruling his plea in bar.

STANDARD OF REVIEW

Issues regarding the grant or denial of a plea in bar are questions of law. On a question of law, an appellate court reaches a conclusion independent of the court. *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017).

A trial court's determination that a jury is deadlocked and thus a manifest necessity exists for discharging the jury and declaring a mistrial is reviewed for an abuse of discretion. *State v. Williams*, 278 Neb. 841, 774 N.W.2d 384 (2009). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Dyer*, 298 Neb. 82, 902 N.W.2d 687 (2017).

ANALYSIS

*Price's Motion to Poll Deadlocked Jury.*

Price claims the district court erred by denying his request to poll the jury when the presiding juror indicated it was deadlocked. He argues the court's ruling deprived him of the opportunity to determine whether the jury was deadlocked on both counts, or if they had voted to acquit him on one of the counts.

However, as the State correctly points out, this court lacks jurisdiction over assignments of error arising from Price's trial. For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment. *State v. Combs, supra* (no final judgment rendered when trial results in mistrial). In a criminal case, the final judgment is the sentence. *Id.* Price's trial ended in a mistrial with no verdict and no final judgment, making the only final, appealable order in this case the district court's order overruling Price's plea in bar. A plea in bar is a final, appealable order over which this court has jurisdiction to review. See *id*.

That said, we agree with the State that the jury polling matter can be addressed in the context of the error assigned to the district court's denial of Price's plea in bar, which we discuss next.

*Price's Plea in Bar.*

Price asserts that a retrial would violate his rights to protection from double jeopardy, due process, and a fair trial, and that the district court erred by overruling his plea in bar. Under Neb. Rev. Stat. § 29-1817 (Reissue 2016), a criminal defendant "may . . . offer a plea in bar to the indictment that he has before had judgment of acquittal, or been convicted, or been pardoned for the same offense." A plea in bar may be used to raise a double jeopardy challenge to the State's right to retry a defendant following a mistrial. *State v. Combs, supra*. The Fifth Amendment's protection against double jeopardy applies to states through the 14th Amendment to the U.S. Constitution. *State v. Combs, supra*. This provision prohibits a criminal defendant from being put in jeopardy twice for the same offense and unequivocally prohibits a second trial following an acquittal. *Id.* But this prohibition on retrial is not unequivocal when the first trial ends in a mistrial. *Id.* Where a mistrial is declared over a defendant's objection, he or she may only be retried if the prosecution can demonstrate a manifest necessity for the mistrial. *Id.*

In finding that the jury's statement that it was unable to reach a verdict amounted to a "manifest necessity," the district court relied on *State v. Williams, supra*, to consider whether jeopardy attaches when a court declares a mistrial as a result of a jury being deadlocked. In that case, the trial judge failed to have the parties and counsel present during its colloquy with the jury regarding its inability to reach a verdict after 7½ hours of deliberation, and therefore, counsel for the defendant was unable to object when the trial court stated it was declaring a mistrial. Nevertheless, our Supreme Court concluded the record supported the declaration of a mistrial because "the judge's opinion that the jury was hopelessly deadlocked" was supported by the record, and therefore, the court did not abuse its discretion in ordering a mistrial, jeopardy did not terminate, and retrial was not barred by principles of double jeopardy. *Id*. at 854, 774 N.W.2d at 394. In that opinion, our Supreme Court stated:

> The "'classic basis'" for a proper mistrial is the trial judge's belief that the jury is unable to reach a verdict. The trial judge's decision to declare a mistrial when he or she considers the jury deadlocked is therefore accorded great deference by a reviewing court. . . . Because a deadlocked jury is not the equivalent of an acquittal, a trial court's determination of a mistrial due to a deadlocked jury does not terminate the original jeopardy to which the defendant was subjected and, thus, retrial is not automatically prohibited by the Double Jeopardy Clause.

*State v. Williams*, 278 Neb. at 851-52, 774 N.W.2d at 392-93.

There are several factors to be considered in determining whether a trial judge has properly exercised discretion in granting a mistrial, including (1) a timely objection by defendant, (2) the jury's collective opinion that it cannot agree, (3) the length of the deliberations of the jury, (4) the length of the trial, (5) the complexity of the issues presented to the jury, (6) any proper communications which the judge has had with the jury, and (7) the effects of possible exhaustion and the impact which coercion of further deliberations might have on the verdict. *State v. Williams, supra*. The most critical factor is the jury's own statement that it was unable to reach a verdict. *Id*.

Price argues the court erred in overruling his objection to a mistrial because it was, "unlikely that [the jurors] were so 'exhausted' that they could not have continued to deliberate and reach a decision on the next day." Brief for appellant at 9. He cites to *State v. Bostwick*, 222 Neb. 631, 385 N.W.2d 906 (1986), where the jury "deliberated for nearly five days before advising the court it was deadlocked" to support his argument. Brief for appellant at 9. He points out the court in *Bostwick* also "examined each of the jurors," "requested that the jury deliberate further," and "spoke with individual jurors" after they stated again that they were unable to reach a verdict. *Id.* He contrasts this with the jury in his own case, where the jury had initially deliberated for only 6 hours before reporting the deadlock to the judge, and only 8 total hours before a mistrial was declared.

However, the court in *Bostwick* simply reviewed the facts in the record before it, and found there was sufficient evidence to support the jury was deadlocked. *Bostwick* did not set forth any rule requiring a certain amount of time for deliberations, or that jurors be polled or interviewed individually in order to find the jury is deadlocked. And as noted previously, our Supreme Court

affirmed the mistrial from a deadlocked jury in *State v. Williams, supra*, where the jury had deliberated only 7½ hours.

Here, the jury informed the district court of a deadlock after approximately 6 hours of deliberation, and upon agreement of the parties, the jury was given further instruction by the court urging them to review the court's prior instructions, reconsider the evidence, and to continue their discussions in order to reach a verdict; but to let the court know if a unanimous decision ultimately could not be reached. After another couple of hours of deliberation, the jury reported to the court again that it could not reach a unanimous verdict. The second note to the court stated, "We have reviewed the judge's instructions numerous times. We have carefully reviewed the evidence multiple times. We have taken multiple votes and are still deadlocked." By this time, the jury had deliberated for over 8 hours in total. After questioning the presiding juror, who did not believe further deliberations would result in a verdict and confirmed the jury was "hopelessly deadlocked," the court declared a mistrial.

When considering the factors for mistrial as set forth in *State v. Williams, supra*, and based on the record before us, we cannot say the district court abused its discretion in declaring a mistrial upon finding the jury was deadlocked and no further deliberations were likely to result in a verdict.

Price also asserts he was entitled as a matter of law to poll the jury individually when it reported it was deadlocked and the district court's refusal of his "reasonable request" to do so deprived him of his right to a decision by the jury panel. Brief for appellant at 9. Though we noted above that we do not have jurisdiction to review this issue as an individual appealable error because it was not part of a final order, we address it to the extent Price argues that it is relevant to determining whether there was "manifest necessity" for a mistrial.

Price first relies on Neb. Rev. Stat. § 29-2024 (Reissue 2016), which states: "When the jury have agreed upon their verdict they must be conducted into court by the officer having them in charge. Before the verdict is accepted the jury may be polled at the request of either the prosecuting attorney or the defendant." However, the State correctly points out that § 29-2024 does not apply here because there is no verdict in this case since a mistrial was declared.

Price next relies on *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017), which was released after the district court's decision in this case. Price claims *Combs* supports his assertion that he had the right to poll the jury individually to determine whether it was deadlocked on both counts, "or if they had voted to acquit him on one of them." Brief for appellant at 7. In *Combs*, after a mistrial was declared because the jury could not reach a verdict, the defendant found out the jury had voted unanimously to acquit him on three of the four charges against him. However, the jury did not report its consensus to the court as to those three charges because it mistakenly thought it had to reach a unanimous verdict on all charges. The defendant moved for a judgment of acquittal, which was denied, and subsequently filed a plea in bar, which was also denied. The defendant appealed, and, as relevant here, assigned error to the trial court's failure to inquire with the jury whether it was deadlocked on all counts. Our Supreme Court concluded that because Combs sought and was granted a mistrial, he could not challenge the district court's failure to inquire whether the jury was deadlocked as to all counts. However, our Supreme Court did note, "the better practice would have been for the district court to have inquired of the jury whether it was deadlocked on every count before it granted a mistrial." *State v. Combs*, 297 Neb. at 430, 900

N.W.2d at 481. Price reads *Combs* to imply "that had the jury been available to be polled, its acquittal on three counts could have been delivered and accepted by the court." Brief for appellant at 7. He argues he was therefore denied "the same opportunity," presumably in reference to the "better practice" described by the court in *Combs*. Brief for appellant at 7.

We agree with the State's contention that *Combs* does not create a new right to poll the jury before the entry of a mistrial, it simply references and outlines the procedure to poll the jury to make sure a verdict is unanimous. While *Combs* does indicate "the better practice would have been for the district court to have inquired of the jury whether it was deadlocked on every count before it granted a mistrial," it does not announce a new rule entitling defendants to poll the jury individually. *State v. Combs,* 297 Neb. at 430, 900 N.W.2d at 481. Accordingly, contrary to his assertion, Price was not entitled to poll the jury as a matter of law.

For the sake of completeness, we also agree with the State's assertion that there are no facts in the record that call into question the jury being deadlocked as to all counts in the present case, as was the case in *Combs*. Further, when Price requested to poll the jury, he did not raise the issue that the jury might be deadlocked as to only one count. Rather, Price asked the district court whether it would "entertain polling the jury panel as to that issue," with the only issue discussed at that point being the jury's status as "hopelessly deadlocked." When the district court said it would not "poll the jury as to that issue," it added it was taking the foreperson's word the jury was deadlocked. At no point was there a request by Price to poll the jury as to whether the deadlock applied to one or both counts brought against him. In this case, Price's request was limited to polling the jury to see if it was actually deadlocked; and while it would have been helpful and perhaps the "better practice" to poll the jurors, it was not an abuse of discretion for the district court to rely on the presiding juror's representation to the court that the jury was deadlocked and to decline individual polling of the jurors.

Finding no abuse of discretion by the district court in declaring a mistrial due to the jury's deadlock in reaching a verdict, the district court did not err by overruling Price's plea in bar.

## CONCLUSION

For the reasons set forth above, we affirm the district court's order overruling Price's plea in bar.

AFFIRMED.